13184

STATE v. WRIGHT

(159 S. E., 492)

*Messrs. J. R. Flynn* and *P. D. Barron,* for appellant,

*Mr. I. C. Blackwood, Solicitor,* and *Mr. S. R. Watt,* for the State.

June 23, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant was convicted at the September term, 1929, on the charge of assault and batery with intent to kill, and, from the sentence imposed, has appealed upon various exceptions.

We do not think that it is necessary to consider all of the exceptions, as it appears that there was reversible error as complained of in the fifth exception, which was as follows:

"Because his Honor erred in charging the jury as follows, with regard to the defense of self-defense, to wit:

" 'No man can plead self-defense if he does any act, or if he uses towards another such language as is calculated, reasonably calculated, to bring on a difficulty, and does bring

on or precipitate a difficulty. Of course, the jury is the sole judge whether said language was calculated to bring on a difficulty and did bring it on.' "

The evidence tends to show that the prosecuting witness made an insulting reference to the defendant's daughter, and that the defendant resented such remark by applying an insulting remark to the prosecuting witness, which was calculated to and did bring on an attack by the prosecuting witness upon him. Under the case of *State v. Rowell,* 75 S. C., 494, 56 S. E., 23, the rule is declared that one who uses such opprobrious language towards another which was calculated to and did bring on difficulty, in which the prosecuting witness was the immediate aggressor, the defendant would be deprived of the right of self-defense by reason of the use by him of the remarks referred to; we do not understand that this rule applies to the case where the insulting remarks of the defendant were used in reply to similar remarks by the prosecuting witness; the charge, under the circumstances, applied the rule laid down in the *Rowell case* to the situation developed in the present case; the right of self-defense is not destroyed if the defendant should resent in harsh and indignant terms, even though they be such as are calculated to precipitate a difficulty, insulting remarks by the prosecutor.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice John I. Cosgrove concur.